United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORLANDO SANCHEZ DE TAGLE,
Plaintiff,

v.

COMCAST CORP.,
Defendant.

Case No.26-cv-04031-NC

**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE**

Re: ECF 8, 9

Plaintiff Orlando Sanchez de Tagle filed a civil lawsuit alleging two claims against Comcast Corp. Despite the Court's several attempts to get him to clarify his allegations, Plaintiff has failed to engage with the litigation and missed his deadline to file an amended complaint. Therefore, the Court requests this case be reassigned to a district judge for disposition, with the recommendation that the case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with the Court's deadlines.

## I. BACKGROUND

On May 4, 2026, Plaintiff filed a complaint alleging Comcast violated his Fourth and Fourteenth Amendment rights. ECF 1. Plaintiff also filed a motion for preliminary and permanent injunctions and an application to proceed in forma pauperis. ECF 2, 4. The Court denied the IFP application because it was incomplete. ECF 8. The Court has not yet ruled on the motion for preliminary and permanent injunctions. ECF 4. Pursuant

to 28 U.S.C. § 1915, the Court screened the complaint and found Plaintiff failed to state a claim. ECF 8 at 2–4. The Court granted Plaintiff thirty-one days to amend the complaint or face potential dismissal of the suit. *Id.* at 4. After Plaintiff failed to meet the initial deadline, the Court granted Plaintiff an additional thirty-six days to amend the complaint. ECF 9. Plaintiff failed to file an amended complaint by the deadline.

## II. LEGAL STANDARD

A court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). A court may dismiss an action under Rule 41(b) sua sponte. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). The court must weigh five factors to determine whether dismissal under Rule 41(b) is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

## III. DISCUSSION

The majority of the factors weigh in favor of dismissal. First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff's failure to prosecute this matter or to file an amended pleading addressing deficiencies in his original complaint weighs in favor of dismissal.

The second factor recognizes the trial court is best suited to determine whether a plaintiff's delay interferes with the operation of its docket and the public interest. *See Pagtalunan*, 291 F.3d at 642. "Non-compliance with procedural rules and the Court's orders wastes 'valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket.'" *Gonzalez v. Styleworks Design Grp., Inc.*, No. 22-cv-04720-TSH, 2023 WL 4995724, at *1 (N.D. Cal. June 27, 2023) (quoting *Ferdik*, 963 F.2d at 1261). Here, this factor favors dismissal because Plaintiff's failure to respond to the

request and order detracted from the Court's operation of its docket.

The third factor considers whether the "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. However, this case presents a situation where Defendant is not prejudiced because she has not yet been served. Nevertheless, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Johnson v. Louie*, No. 21-cv-00771-TSH, 2021 WL 11586370, at *2 (N.D. Cal. Aug. 3, 2021) (quoting *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)). Plaintiff in this case failed to proffer any explanation for his failure to prosecute. As such, the Court concludes this factor also supports dismissal.

The fourth factor looks to the court's consideration of less drastic alternatives prior to dismissal. *See Ferdik*, 963 F.2d at 1261. The Court attempted several less drastic measures without success. In its Screening Order, the Court outlined the errors in Plaintiff's pleading and granted him approximately one month to file an amended complaint. *See* ECF 8 at 2–4. The Court also directed Plaintiff to the availability of free resources for pro se litigants. *Id.* The Screening Order also warned Plaintiff that failure to cure the deficiencies could lead to dismissal. *Id.* When Plaintiff failed to amend the pleading within the initial one-month period, the Court granted Plaintiff an additional thirty-six days to file the amended complaint. ECF 9. Courts have found the failure to heed such warnings can satisfy the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *see also Malberg v. Garcia-Sen*, No. 23-cv-01006-VKD, 2023 WL 4372696, at *3 (N.D. Cal. July 5, 2023) (noting the plaintiff's failure to comply with court orders, despite express warnings, weighed in favor of dismissal). Thus, this factor weighs in favor of dismissal.

Under the final factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This factor weighs against dismissal.

## IV. THE COURT RECOMMENDS DENYING PLAINTIFF'S MOTION FOR PRELIMINARY AND PERMANENT INJUNCTIONS

Plaintiff filed a motion for preliminary and permanent injunctions. ECF 4. The standard for a permanent injunction is essentially the same as for a preliminary injunction, except that the court determines the plaintiff's success on the merits instead of likelihood of success. *See Amoco Production Co. v. Village of Gambell, Alaska*, 480 U.S. 531, 546 n.12 (1987). A plaintiff seeking a permanent injunction must satisfy a four-factor test. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The Court recommends denying Plaintiff's motion because it is premised on a complaint that this Court determined to be not plausible.

## V. CONCLUSION

Based on the foregoing, the Court finds four of the five factors weigh in favor of dismissal. Plaintiff failed to timely file an amended complaint despite an opportunity to do so. Thus, dismissal for failure to prosecute is appropriate. However, considering Plaintiff is proceeding in forma pauperis, the Court finds the less drastic alternative of dismissal without prejudice is also appropriate. Accordingly, the Court requests this case be reassigned to a district judge for disposition, with the recommendation that the Court DISMISS this case WITHOUT PREJUDICE for failure to prosecute and failure to comply with the Court's deadlines.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served. Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED.**

Dated: August 17, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge

United States District Court
Northern District of California